989 F.2d 977
 Fed. Sec. L. Rep. P 97,419
SECURITIES AND EXCHANGE COMMISSION, Appellee,
v.
Micheal L. GRUENBERG, Appellant,
Eugene I. GRUENBERG, Defendant.
SECURITIES AND EXCHANGE COMMISSION, Appellee,
v.
Eugene I. GRUENBERG, Appellant.
 Nos. 92-2640, 92-2804.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Feb. 8, 1993.
Decided March 31, 1993.
Rehearing and Rehearing En Banc Denied May 19, 1993.
 
 Micheal L. Gruenberg, pro se.
 Eugene I. Gruenberg, pro se.
 Brian F. McNally, of S.E.C., Washington, DC, for appellee.
 Before McMILLIAN, MAGILL, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Micheal L. Gruenberg and Eugene I. Gruenberg appeal the district court's orders of permanent injunction against them. The district court[1] enjoined the Gruenbergs from further violations of the Securities Exchange Act of 1934 (Exchange Act) based on their criminal convictions[2] in connection with the same activities. We affirm.
 
 
 2
 In July 1989, the government indicted and charged the Gruenbergs with wire fraud, 18 U.S.C. § 1343, interstate transportation of stolen property, 18 U.S.C. § 2314, and securities fraud, 15 U.S.C. §§ 78j(b), 78f(f) and 78m(a), and 17 C.F.R. §§ 240.10b-5 and 240.13a-13. In May 1991, the Securities and Exchange Commission (SEC) filed a civil complaint against the Gruenbergs and alleged that the activities which were the basis of their criminal prosecution violated numerous federal securities laws.[3] The SEC sought permanent injunction orders against the Gruenbergs.
 
 
 3
 In October 1991, a jury hearing the criminal case found Eugene Gruenberg guilty on two wire fraud counts, one interstate transportation count, and nine of the twelve securities fraud counts. The jury also found Micheal Gruenberg guilty on 14 of the 15 wire fraud counts, three interstate transportation counts, and 11 of the 12 securities fraud counts. This court has today affirmed the Gruenbergs' convictions on direct appeal. United States v. Gruenberg, Nos. 91-1729/92-1732 (March 31, 1993).
 
 
 4
 In January 1992, the SEC moved for summary judgment in the civil action and argued that the Gruenbergs, on the basis of their criminal convictions, were collaterally estopped from contesting in this action that they had violated the Exchange Act provisions alleged in the SEC's complaint. The SEC also argued that the facts underlying the criminal convictions established that the Gruenbergs had aided and abetted conduct that violated sections 78m(b)(2)(A) and 78m(b)(2)(B) and Rules promulgated under it. The Gruenbergs disagreed and argued that the criminal proceedings had no collateral estoppel effect because the district court could not ascertain what the criminal jury had determined by finding them guilty. In July 1992, the district court granted summary judgment to the SEC and entered permanent injunction orders against both Gruenbergs. They appeal.
 
 
 5
 We review a grant of summary judgment de novo. United States ex rel. Glass v. Medtronic, Inc., 957 F.2d 605, 607 (8th Cir.1992). The principle of collateral estoppel precludes a party from re-litigating an identical issue that was adjudicated on the merits in a prior proceeding. Aetna Cas. and Sur. Co. v. General Dynamics Corp., 968 F.2d 707, 711 (8th Cir.1992). "It is well established that prior criminal proceedings can work an estoppel in a subsequent civil proceeding, so long as the question involved was 'distinctly put in issue and directly determined' in the criminal action." McNally v. Pulitzer Publishing Co., 532 F.2d 69, 76 (8th Cir.), cert. denied, 429 U.S. 855, 97 S.Ct. 150, 50 L.Ed.2d 131 (1976).
 
 
 6
 After carefully reviewing the allegations in each count of conviction of the indictment and the SEC allegations in each count of the civil complaint, we find the necessary identity of issues. We thus hold that the district court properly granted the permanent injunction orders against the Gruenbergs. See SEC v. Comserv Corp., 908 F.2d 1407, 1412 (8th Cir.1990) (a permanent injunction requires the SEC to prove that the defendant violated the law and that there is a reasonable likelihood of future violations). There is no genuine issue of material fact that the Gruenbergs violated the federal securities laws. Moreover, there is a reasonable likelihood that the Gruenbergs, if not permanently enjoined, will engage in future violations of the federal securities laws. See SEC v. Washington County Utility District, 676 F.2d 218, 227 (6th Cir.1982) (evidence of past violations provides basis for inference that future violations may occur).
 
 
 7
 Accordingly, we affirm the district court's orders of permanent injunction against both Eugene Gruenberg and Micheal Gruenberg.
 
 
 
 [1]
 The Honorable Harry H. MacLaughlin, Senior United States District Judge for the District of Minnesota
 
 
 [2]
 The Honorable Diana E. Murphy, Chief Judge, United States District Court for the District of Minnesota
 
 
 [3]
 The SEC alleged that the Gruenbergs had violated or aided and abetted in the violation of the anti-fraud provisions of the Exchange Act, 15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5; and reporting, accounting, and books and records provisions of the Exchange Act, 15 U.S.C. §§ 78m(a), 78m(b)(2)(A), and 78m(b)(2)(B), and 17 C.F.R. §§ 240.12b-20, 240.13a-1, 240.13a-13, 240.13b2-1 and 240.13b2-2